**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **CARLOS MOORE** | * |
| v. | * Civil No. JKS-09-2359 |
| **MICHAEL J. ASTRUE**<br>**Commissioner of Social Security** | * |

**MEMORANDUM OPINION**

Plaintiff Carlos Moore brought this action pursuant to 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security (Commissioner) denying his claim for disability insurance benefits (DIB) under the Social Security Act, 42 U.S.C. §§ 401-433 (the Act). Both parties' motions for summary judgment and Moore's alternative motion for remand are ready for resolution and no hearing is deemed necessary. *See* Local Rule 105.6. For the reasons set forth below, Moore's motions for summary judgment and remand will be denied, and the Commissioner's motion for summary judgment will be granted.

1. **Background**.

Moore applied for DIB on January 11, 2006, alleging an amended onset of disability date of May 22, 2002. His applications were denied initially and upon reconsideration. An Administrative Law Judge (ALJ) held a hearing on September 7 and December 6, 2007, at which Moore was represented by counsel. On February 14, 2008, the ALJ found that Moore was not disabled within the meaning of the Act, and the Appeals Council denied his request for review. Thus, the ALJ's determination became the Commissioner's final decision.

## 2. ALJ's Decision.

The ALJ evaluated Moore's claim using the five-step sequential process set forth in 20 C.F.R. § 404.1520. First, the ALJ determined that Moore has not engaged in substantial gainful activity since his alleged onset date. At step two, the ALJ concluded that Moore suffers from degenerative disc disease status post lumbar spinal fusion, hypertensive cardiovascular disease, left rotator cuff tendonitis, and obesity. (R. 17). At step three, the ALJ determined that Moore does not have an impairment or combination of impairments that meet or medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 18). At step four, the ALJ found that Moore is capable of performing a limited range of light and sedentary work. (R. 18). Once determining that Moore was unable to return to his past relevant work, the ALJ found at step five, based on testimony from a vocational expert (VE), that jobs existed in significant numbers in the national economy that Moore could perform. (R. 22). As a result, the ALJ determined that Moore was not disabled within the meaning of the Act.

## 3. Standard of Review.

The role of this court on review is to determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(quoting *Consolidated Edison Co, v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance, of the evidence presented. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). It is such evidence that a reasonable mind might accept to support a conclusion, and must be sufficient to justify a

refusal to direct a verdict if the case were before a jury. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence. *Id.*

**4. Discussion.**

Moore poses three allegations of error. He claims that the ALJ failed to properly consider his left knee impairment, erroneously evaluated his subjective complaints, and erroneously assessed his Residual Functional Capacity (RFC).

A. Consideration of Left Knee Impairment.

Moore claims that the ALJ failed, at step two, to evaluate whether his left knee impairment was severe. However, the ALJ's failure to find that the left knee impairment was severe does not translate into a failure to evaluate it. The ALJ fully considered Moore's knee impairment in combination with Moore's other impairments at both steps three and four. (R. 18, 20-21). The ALJ noted that the orthopedist to whom Dr. Robinson-Redway referred Moore reported that Moore's left knee had full range of motion and strength with no instability, joint line tenderness or effusion. (R. 301; *see also* R. 282, 286). Substantial evidence supports the conclusion that the left knee impairment was not severe. In any event, its impact was considered in combination with Moore's other impairments at subsequent steps in the evaluation.

B. Analysis of Subjective Complaints.

Moore claims that the ALJ erroneously evaluated his assertions regarding the intensity, persistence, and limiting effects of his pain and other symptoms by requiring that they be supported by objective findings. An ALJ must follow a two-step process for evaluating whether

a person is disabled by subjective symptoms. *Craig v. Chater,* 76 F.3d 585, 594 (4th Cir. 1996); 20 C.F.R. § 404.1529. First, the ALJ must determine that objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the actual symptoms alleged. 20 C.F.R. § 404.1529(b). Once the claimant makes this threshold showing, the ALJ must evaluate the extent to which these symptoms limit the claimant's capacity to work. 20 C.F.R. § 404.1529(c)(1). At this second stage, the ALJ must consider all the available evidence, including medical history, objective medical evidence, and statements by the claimant. 20 C.F.R. § 404.1529(c). The ALJ must assess the credibility of the claimant's statements, as symptoms can sometimes manifest at a greater level of severity of impairment than is shown by solely objective medical evidence. SSR 96-7p. To assess credibility, the ALJ should consider factors such as the claimant's daily activities, treatments he has received for his symptoms, medications, and any other factors contributing to functional limitations. *Id.* The ALJ's opinion should be given great weight upon review because he has had the opportunity to observe the demeanor and to determine the credibility of the claimant. *Shively v. Heckler*, 739 F.2d 987, 989-90 (4th Cir. 1984).

Here, the ALJ determined that while Moore's medically determinable impairments satisfied the threshold inquiry of whether they could reasonably be expected to produce the symptoms alleged, (R. 19), his allegations regarding the intensity, persistence, and limiting effects of those symptoms were not entirely credible. (R. 21). Although Moore is not required to demonstrate the effects of his symptoms with objective findings, objective evidence is nevertheless a crucial evaluation tool. *See Hines v. Barnhart*, 453 F.3d 559, 565 n.3 (4th Cir. 2006). The ALJ discussed the medical evaluations and found no documented limitations that

precluded all work. (R. 21). Rather than requiring objective evidence, the ALJ simply relied on the absence of it, in combination with Moore's daily activities, to find that Moore's testimony regarding his limitations was not fully credible.

In sum, the ALJ understood the proper basis for evaluating Moore's subjective complaints, and determined, based on substantial evidence and not solely on the lack of supporting objective evidence, that Moore's claims were not fully credible.

C. Assessment of RFC.

Moore alleges that the ALJ failed to set forth a narrative discussion citing medical facts to support his RFC assessment. RFC is the most work an individual can do, despite his limitations, for 8 hours a day, 5 days a week. 20 C.F.R. §§ 404.1545(a)(1) and 416.945(a)(1); Soc. Sec. Ruling 96-8p, 1996 WL 374184, at *2. The ALJ must make the RFC determination at step four after considering all relevant medical and non-medical evidence. 20 C.F.R. §§ 416.920(e) and 416.945. The regulations provide the following guidelines for how an ALJ should determine a claimant's RFC:

> When we assess your physical abilities, we first assess the nature and extent of your physical limitations and then determine your residual functional capacity for work activity on a regular and continuing basis. A limited ability to perform certain physical demands of work activity, such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping or crouching), may reduce your ability to do past work and other work.

20 C.F.R. §§ 404.1545(b) and 416.945(b). The RFC determination must include a function-by-function assessment based upon the claimant's functional limitations and ability to do work-related activities, and must be based on all relevant evidence in the record. Soc. Sec. Ruling 96-8p at *3. The ALJ must address both the exertional and nonexertional capacities of the

individual. Soc. Sec. Ruling 96-8p at *5-6. The evaluation must also include a narrative discussion describing how medical facts and non-medical evidence support the ALJ's conclusion. *Fleming v. Barnhart*, 284 F. Supp. 2d 256, 271 (D. Md. 2003); Soc. Sec. Ruling 96-8p at *7.

In assessing Moore's RFC, the ALJ discussed in narrative form the medical evaluations and reports of Drs. Thompson, Dennis, Sosanya, and Robinson-Redway, as well as Physical Residual Functional Capacity assessments by State Agency physicians. (R. 20-21). The ALJ found that the State Agency assessments were consistent with the medical evidence, accepted them, and then explained in narrative form why they were accepted. (R. 21-22). The ALJ also assessed Moore's credibility prior to determining his RFC. (R. 17-19). The ALJ's discussion fully and logically explains the evidence which is consistent with the ALJ's determination that Moore can perform light and sedentary work with limitations. The ALJ's function-by-function assessment and narrative discussion were proper, and the determination of Brown's RFC is supported by sufficient evidence.

Moore also contends that the ALJ failed to evaluate the impact of his left knee impairment, but, as noted, the ALJ properly viewed this as a non-severe impairment and in any event considered it in assessing Moore's RFC. Similarly, the ALJ explained why he was rejecting Dr. Thompson's limitations and instead accepting the State Agency physicians' limitations, one of which postdated Dr. Thompson's limitations by almost four years. (R. 264-71). And to the extent that he found them credible, the ALJ considered Moore's allegations of pain and medication side effects. (R. 21-22). In sum, the ALJ properly evaluated pertinent medical and other evidence in determining Brown's RFC.

**5. Conclusion.**

For the foregoing reasons, Moore's motions for summary judgment and remand will be denied, and the Commissioner's motion for summary judgment will be granted.

Date: 2/17/2011    /S/
JILLYN K. SCHULZE
United States Magistrate Judge